## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

KENNETH D. DORN                                    PETITIONER
ADC #169545

V.                          No. 4:21-cv-00289-JM-JTR

DEXTER PAYNE, Director,
Arkansas Division of Correction                    RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

### I.  Background

On April 12, 2021, Kenneth D. Dorn ("Dorn") purportedly signed and filed the "Petition for Writ of Habeas Corpus" in this case. However, the Petition is also signed by Rickey Ashley ("Ashley"), as the "Attorney" for Dorn. The only return address on the envelope used to mail the Petition to the Court is Ashley's address at

the Tucker Maximum Security Unit. *Doc. 2 at 13, 16.* The Petition does not allege any grounds for Dorn to challenge his custody. Instead, it asserts previously dismissed habeas claims *filed by Ashley*.[1]

The allegations in this Petition are identical to several other recently filed Petitions where Ashley has purportedly signed as the "attorney" for another inmate, but then proceeded to assert *his own* habeas claims. *See Gray v. Payne*, 4:21-cv-00356-LPR-PSH; *Landers v. Arnold,* 4:21-cv-00385-BRW; *Hobbs v. Payne*, 4:21-cv-00288-JM-JTR; and *Gibbs v. Payne*, 4:21-cv-439-KGB-JTR.

Obviously, Ashley cannot pursue his own frivolous and previously rejected habeas claims through a Petition filed under Dorn's name.[2] For this reason and the reasons explained in *Hobbs v. Payne*, 4:21-cv-00288-JM-JTR, this habeas action

---

[1]Ashley has been a "three-striker" for almost 20 years. *Ashley v. Beam*, 4:02-cv-00188-GTE. As early as 2005, he was described as one of the "most highly abusive filers in the Eastern District of Arkansas." See *Ashley v. Reasoner*, 4:05-cv-00465 WRW (E.D. Ark. March 29, 2005) (summarizing Ashley's history of frivolous lawsuits in the Eastern District of Arkansas). By 2012, Ashley had filed at least fifty § 1983 lawsuits. See *Ashley v. Young, et al.*, 4:12-cv-00379-BSM. In 2020, after filing a number of frivolous and repetitive habeas actions, Ashley was placed on the Court's restricted filer list. See *Ashley v. Payne*, 4:20-cv-00839-SWW (identifying Ashley's multiple frivolous habeas petitions and ordering that he be placed on the Court's restricted filer list); *Ashley v. Payne*, 4:20-cv-00770-KGB (same). Undaunted, Ashley has begun filing habeas actions, like this one, in the names of other prisoners, but then using them as a vehicle for asserting *his own* frivolous and previously rejected habeas claims.

[2]Dorn's signature on the habeas Petition appears to have been forged by Ashley. Thus, it is unclear whether Dorn actually participated with Ashley in formulating and filing this abusive habeas action. Accordingly, the habeas Petition in this case should not count toward a "second or successive habeas action" if Dorn later files a §2254 habeas action asserting *his own* habeas claims.

should be dismissed, *with prejudice*. **If Ashley continues to submit spurious and vexatious habeas filings, the Court will impose sanctions**.

## II.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Ashley's habeas Petition, *Doc. 2*, filed in Dorn's name, be dismissed, *with prejudice*.

2.      A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

Dated this 6th day of December, 2021.

_____
UNITED STATES MAGISTRATE JUDGE